IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
COUNTY CIVIL DIVISION

MARTHA HALL,

        Plaintiff,

vs.                                          CASE NO.

W.S. BADCOCK CORPORATION,
(a Florida Corporation),

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, MARTHA HALL, by and through the undersigned counsel, sues the Defendant, W.S. BADCOCK CORPORATION (a Florida Corporation), and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds Five Thousand Dollars ($5,000.00) but does not exceed Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2. This action results from the unlawful debt collection practices engaged in by Defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77 *et seq.* ("FCCPA").

3. This Court has jurisdiction over state law claims pursuant to Fla. Stat. § 559.77(1), and jurisdiction over Federal law claims pursuant to 28 U.S.C. §§ 1331 & 1337 and 47 U.S.C §227.

4. The Plaintiff, MARTHA HALL, at all times pertinent to this complaint, resided in the State of Florida, and the alleged violations occurred in the State of Florida.

5. Defendant, W.S. BADCOCK CORPORATION is a Florida Corporation authorized to do business in the State of Florida with its principal place of business at Mulberry, Florida.

6. Defendant, W.S. BADCOCK CORPORATION, regularly transacts business in the State of Florida, including Hillsborough County, Florida and regularly uses the United States Mail and or instrumentalities of interstate commerce in the course of business.

## FACTS COMMON TO ALL COUNTS

7. Defendant is the corporate entity responsible for attempting to collect a consumer debt from Plaintiff and/or Plaintiff's family within the past two years.

8. Beginning on or before October 2008 and continuing until the present date, the Plaintiff was subject to consumer debt collection activity by the Defendant that occurred within two years prior to the filing of this action. The Affidavit of Martha Hall is attached hereto as Exhibit "A".

9. Defendant consents to and has knowledge and control of the collection activities of their representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the collection of an alleged debt allegedly owed by Plaintiff.

10. On or before October 2008, Defendant made attempts to collect an allegedly past due debt allegedly owed by Plaintiff to Defendant.

11. Beginning on or about October 2008, and continuing until the present date, Defendant placed multiple and repeated daily telephone calls to the Plaintiff.

12. Beginning on or before October 2008, and continuing until the present date, there have been several occasions where Defendant placed multiple calls to Plaintiff's telephone in a single day.

13. Beginning on or about October 2008, and continuing until the present date, Defendant repeatedly places telephone calls to Plaintiff in an attempt to collect an allegedly past due debt..

14. Beginning on or about October 2008, and continuing until the present date, Plaintiff has repeatedly informed Defendant that Plaintiff does not owe any money to Defendant.

15. Beginning on or about October 2008, and continuing until the present date, Plaintiff has repeatedly refused to pay Defendant any amount demanded by Defendant.

16. Beginning on or before October 2008, and continuing until the present date, Plaintiff repeatedly requested that Defendant place no more calls to Plaintiff.

17. Beginning on or before March 2009, and continuing until May 2009, in an attempt to collect a debt, Defendant and its agents have made multiple visits to the residence of Plaintiff in an attempt to collect an alleged debt.

18. Beginning on or before March 2009, and continuing until May 2009, Plaintiff repeatedly requested Defendant cease visiting the home of Plaintiff.

19. Beginning on or before October 2008, and continuing until the present date, Plaintiff has repeatedly informed the Defendant that Plaintiff does not owe Defendant any money.

20. On at least one occasion between October 2008 and the present date, Plaintiff has placed a telephone call to the Defendant to specifically inform them that Plaintiff does not owe Defendant any money.

21. Despite Plaintiff's numerous and repeated requests not to be called, Defendant continues to place multiple and repeated telephone calls to Plaintiff in an attempt to collect an alleged debt.

22. As of the date of this complaint, Defendant has repeatedly ignored Plaintiff's requests for Defendant to cease calling the Plaintiff.

23. Between October 2008 and the date of this complaint, in an attempt to collect a debt, Defendant has called the telephone of Plaintiff no less than fifty (50) separate occasions.

24. As a result of Defendant's actions, Plaintiff has been damaged.

25. Plaintiff's damages pursuant to 47 U.S.C §227, *et seq.* have continued and are continuing as of the service of this complaint.

26. Plaintiff's damages pursuant to Florida Statutes §559.77 *et seq.* have continued and are continuing as of the service of this complaint.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act)

27. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 26 above as if fully set forth herein.

28. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72 *et seq.*

29. Defendant violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the Plaintiff.

30. Defendant violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the Plaintiff.

31. Defendant violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

32. Defendant violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to abuse the Plaintiff.

33. Defendant's collection harassment in this case is reasonably believed to be a system wide procedure and has damaged an unknown amount of individuals.

34. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as defined by Florida Statute § 559.77.

35. Plaintiff is entitled to damages sustained as a result of Defendant's failure to comply with the provisions of Florida Statute 559 *et seq.* pursuant to Florida Statute 559.77.

36. Plaintiff demands a trial by jury.

   **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

## COUNT II
### (Violation of the Telephone Consumer Protection Act)

37. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 26 above as if fully set forth herein.

38. At all times relevant to this action Defendants are subject to and must abide by the laws of the United States of America, including 47 U.S.C § 227 *et seq.*

39. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

40. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

41. Plaintiff expressly informed Defendants of her desire not to receive telephone calls to her telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice the conversations described above in the paragraphs.

42. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(B).

43. Defendant willfully or knowingly violated the TCPA.

44. Defendants placed non-emergency telephone calls to Plaintiff's telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B)(iii).

45. **Plaintiff demands a Trial by Jury.**

   **WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

   THE CONSUMER RIGHTS LAW GROUP

   _____
   James S. Giardina, Esq.
   FBN: 0942421
   3802 W Bay to Bay Blvd.
   Suite 11
   Tampa, FL 33629-6817
   Tel: 813-413-5610 (direct)
   Fax: 866-535-7199
   Attorneys for Plaintiff

# AFFIDAVIT OF MARTHA HALL

**STATE OF FLORIDA**
**COUNTY OF HILLSBOROUGH**

   **BEFORE ME**, the undersigned authority, on this day personally appeared Martha Hall, who swore under oath that the following facts are true:

1. My name is Martha Hall. I am more than eighteen years of age, of sound mind, and fully competent to make this affidavit. I reside in Hillsborough County, Florida. I have personal knowledge of the matters set forth below.
2. On or about October 2008, I began receiving multiple and repeated daily telephone calls on my cellular telephone from representatives of Badcock Furniture.
3. In each of the telephone calls that I received from Badcock, its representatives informed me that they are attempting to collect a debt owed by my 84 year old mother, Ida Kelly.
4. I have informed Badcock on several occasions that I do not owe Badcock for the debt allegedly owed by my mother, Ida Kelly.
5. I have repeatedly informed Badcock on several occasions that I do not wish to be contacted any more.
6. My requests not to be called have been repeatedly ignored.
7. Badcock has called me on no less than fifty (50) separate occasions
8. There have been several occasions where I have received several calls from Badcock in a single day.
9. As of the present day, Badcock continues to call me.
10. On or about March 2009, I began receiving personal visits from representatives of Badcock Furniture.
11. On each of the occasions that Babcock's representatives arrived at my home, I was informed that they are attempting to collect a debt owed by my mother, Ida Kelly.


PLAINTIFF'S EXHIBIT A

12. On each of the occasions that Babcock's representatives arrived at my home, I informed them that Badcock has the wrong address.

13. My requests not to be personally visited have been repeatedly ignored.

14. Badcock has visited me personally on no less than ten (10) separate occasions.

15. The last visit I received from Badcock was in May 2009.

16. Badcock has reported this debt on my consumer credit report.

17. My Credit Report indicates that the company responsible is BADCOCK - 5435 N 56th Street, Tampa, Florida.

Martha Hall
Affiant

SIGNED under oath before me on this 17th day of March, 2010.

DERRICK A. PARKER
Notary Public, State of Florida
My Comm. Expires March 19, 2010
No. DD530036

Notary Public, State of Florida