**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARTHA HALL,**

           Plaintiff,

vs.                               **CASE NO.:** 8:10-cv-02532-VMC-EAJ
                                      **COUNTY COURT CASE:** 10-CC-026806
                                      **DIVISION:** L

**W.S. BADCOCK CORPORATION,**
(a Florida Corporation),

           Defendant.
_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT [1]
AND DEMAND FOR JURY TRIAL**

The Plaintiff, MARTHA HALL, by and through the undersigned counsel, sues the Defendant, W.S. BADCOCK CORPORATION (a Florida Corporation), and in support thereof respectfully alleges the following:

**JURISDICTION AND VENUE**

1. This is an action for damages that does not exceed Five Thousand Dollars ($5000.00) exclusive of interest and costs.

2. This action results from the unlawful debt collection practices engaged in by Defendants in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77 *et seq.* ("FCCPA").

---

[1] Pursuant to Rule 15(a)(B), Plaintiff amends as a matter of right, as Defendant has not yet filed with this Court any responsive pleading or Motion under Rule 12(b), (e), or (f).

3. The County Court of the Thirteenth Judicial Circuit in and for Hillsborough County has jurisdiction over this action pursuant to Fla. Stat. § 559.77(1).

4. The Plaintiff, MARTHA HALL, at all times pertinent to this complaint, resided in the State of Florida, and the alleged violations occurred in the State of Florida.

5. Defendant, W.S. BADCOCK CORPORATION is a Florida Corporation authorized to do business in the State of Florida with its principal place of business at Mulberry, Florida.

6. Defendant, W.S. BADCOCK CORPORATION, regularly transacts business in the State of Florida, including Hillsborough County, Florida and regularly uses the United States Mail and or instrumentalities of interstate commerce in the course of business.

## FACTS COMMON TO ALL COUNTS

7. Defendant is the corporate entity responsible for attempting to collect a consumer debt from Plaintiff and/or Plaintiff's family within the past two years.

8. Beginning on or before October 2008 and continuing until the present date, the Plaintiff was subject to consumer debt collection activity by the Defendant that occurred within two years prior to the filing of this action. The Affidavit of Martha Hall is attached hereto as Exhibit "A".

9. Defendant consents to and has knowledge and control of the collection activities of their representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees,

collectors and/or contractors for the collection of an alleged debt allegedly owed by Plaintiff.

10. On or before October 2008, Defendant made attempts to collect an allegedly past due debt allegedly owed by Plaintiff to Defendant.

11. Beginning on or about October 2008, and continuing until the present date, Defendant placed multiple and repeated daily telephone calls to the Plaintiff.

12. Beginning on or before October 2008, and continuing until the present date, there have been several occasions where Defendant placed multiple calls to Plaintiff's telephone in a single day.

13. Beginning on or about October 2008, and continuing until the present date, Defendant repeatedly places telephone calls to Plaintiff in an attempt to collect an allegedly past due debt.

14. Beginning on or about October 2008, and continuing until the present date, Plaintiff has repeatedly informed Defendant that Plaintiff does not owe any money to Defendant.

15. Beginning on or about October 2008, and continuing until the present date, Plaintiff has repeatedly refused to pay Defendant any amount demanded by Defendant.

16. Beginning on or before October 2008, and continuing until the present date, Plaintiff repeatedly requested that Defendant place no more calls to Plaintiff.

17. Beginning on or before March 2009, and continuing until May 2009, in an attempt to collect a debt, Defendant and its agents have made multiple visits to the residence of Plaintiff in an attempt to collect an alleged debt.

18. Beginning on or before March 2009, and continuing until May 2009, Plaintiff repeatedly requested Defendant cease visiting the home of Plaintiff.

19. Beginning on or before October 2008, and continuing until the present date, Plaintiff has repeatedly informed the Defendant that Plaintiff does not owe Defendant any money.

20. On at least one occasion between October 2008 and the present date, Plaintiff has placed a telephone call to the Defendant to specifically inform them that Plaintiff does not owe Defendant any money.

21. Despite Plaintiff's numerous and repeated requests not to be called, Defendant continues to place multiple and repeated telephone calls to Plaintiff in an attempt to collect an alleged debt.

22. As of the date of this complaint, Defendant has repeatedly ignored Plaintiff's requests for Defendant to cease calling the Plaintiff.

23. Between October 2008 and the date of this complaint, in an attempt to collect a debt, Defendant has called the telephone of Plaintiff no less than fifty (50) separate occasions.

24. As a result of Defendant's actions, Plaintiff has been damaged.

25. Plaintiff's damages pursuant to 47 U.S.C §227, *et seq.* have continued and are continuing as of the service of this complaint.

26. Plaintiff's damages pursuant to Florida Statutes §559.77 *et seq.* have continued and are continuing as of the service of this complaint.

## COUNT I

### (Violation of the Florida Consumer Collection Practices Act)

27. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 26 above as if fully set forth herein.

28. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72 *et seq.*

29. Defendant violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the Plaintiff.

30. Defendant violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the Plaintiff.

31. Defendant violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

32. Defendant violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to abuse the Plaintiff.

33. Defendant's collection harassment in this case is reasonably believed to be a system wide procedure and has damaged an unknown amount of individuals.

34. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as defined by Florida Statute § 559.77.

35. Plaintiff is entitled to damages sustained as a result of Defendant's failure to comply with the provisions of Florida Statute 559 *et seq.* pursuant to Florida Statute 559.77.

36. Plaintiff demands a trial by jury.

    **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

Respectfully submitted this 19th day of November 2010.

    By:   s/ James S. Giardina
    **James S. Giardina, Esq.**
    FBN: 0942421
    The Consumer Rights Law Group, PLLC
    3802 W Bay to Bay Blvd.
    Suite 11
    Tampa, FL 33629-6817
    Tel: 813-413-5610 (direct)
    Fax: 866-535-7199
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this 18th day of November 2010 on Mr. John Eamon Johnson, Esq., Attorney for Defendant, Shutts & Bowen, LLP, 100 S Ashley Dr., Suite 1500, Tampa, FL 33602, jjohnson@shutts.com, and Mr. Ryan C. Reinert, Shutts & Bowen, LLP, 100 S Ashley Dr., Suite 1500, Tampa, FL 33602 either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    By:  s/James S Giardina
    **James S. Giardina, Esq.**