UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARTHA HALL,**

                        Plaintiff,

vs.                                  CASE NO.: 8:10-cv-02532-VMC-EAJ

**W.S. BADCOCK CORPORATION,**
**(a Florida Corporation),**

                        Defendant.
_____/

**PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION**
**AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, the Plaintiff, MARTHA HALL, by and through her undersigned counsel, and requests this Honorable Court to remand this action to State Court and in support thereof respectfully states the following:

1. On or about October 1, 2010, Plaintiff filed her Original Complaint **(DE 2)** in the County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, by the case name of *Martha Hall v. W.S. Badcock Corporation,* and designated on the court's docket as Case No. 10-CC-026806.

2. Plaintiff's Original Complaint consists of two counts:  Count I seeks redress under Florida Statute § 559.77 *et seq.* ("FCCPA"), and Count II sought redress under the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").  The Original

Complaint does not allege federal jurisdiction, nor are any of the counts contained therein subject to such, whether by federal question, diversity jurisdiction, or otherwise.

3. Plaintiff's Original Complaint does not allege grounds for diversity jurisdiction because Plaintiff is not seeking over $75,000, and Plaintiff has not alleged that all Defendants are citizens of states other than Florida.

4. On or about November 10, 2010, Defendant filed its Notice of Removal. **(DE 1)**[1], incorrectly asserting therein that Plaintiff's inclusion of a claim for damages under the TCPA in its Original Complaint constitutes a federal question that would vest jurisdiction in this Court when it does not.

5. The TCPA does not present a federal question upon which Defendant argues serves as a basis for removal.

6. Although the TCPA is a federal statute, it confers exclusive jurisdiction upon state courts.  Specifically, the statute states, "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action to enforce the statute.  47 U.S.C. 227(b)(3). Accordingly, the 11th Circuit has held, in *Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. Ga. 1998) that federal courts do not have federal question jurisdiction over TCPA claims by private litigants:

> We have carefully examined the reasoning of the Fourth and Fifth Circuits and, we too, are persuaded that federal courts lack subject matter jurisdiction of private actions under the Act.

---

[1] Plaintiff's Counsel did not receive Electronic Notification that the case had been removed until November 12, 2010.

> Like the Fourth and Fifth Circuits, we also reject Hooters's argument that federal-question jurisdiction exists under 28 U.S.C. § 1331 (1994) because Nicholson's complaint clearly presents a federal question as it alleges a violation of federal law. See International Science, 106 F.3d at 1154; Chair King, 131 F.3d at 510. We recognize that "as a general matter, a cause of action created by federal law will properly be brought in the district courts." 106 F.3d at 1154. Nevertheless, the general jurisdictional grant of section 1331 does not apply if a specific statute assigns jurisdiction elsewhere. Id. Here, the text of the Act, including the specific grant of federal jurisdiction to state attorneys general, as well as the Act's legislative history, demonstrate that Congress intended to assign the private right of action to state courts exclusively.

7. This Court has held that when an action is removed from state to federal court on grounds of federal question jurisdiction, this Court has the discretion to remand the case to state court after all federal claims have been voluntarily removed from a complaint. *Estate of William D. Olmstead, III v. Beverly Enterprises-Florida, Inc.*, 1997 U.S. Dist. LEXIS 4059 *9-10 (M.D. Fla. 1997) (stating "remand is in order where only state lay claims remain, since state courts are the more proper and more efficient forum for such claims")

8. Further, 28 U.S.C. § 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

9. Finally, "State courts maintenance of exclusive jurisdiction over private rights of action under the TCPA and this Court's concomitant lack of jurisdiction to hear such private claims is well-settled and requires no further discussion." 2004 WL 3239533 (6th Cir. 2004), citing Murphy v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000); ErieNet,

Inc. v. Velocity Net, Inc., 156 F.3d 513, 519 (3rd Cir. 1998); Foxhall Realty Law Office Inc. v. Telecommunications Premium Services, Ltd., 156 F.3d 432, 434 (2d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998); International Science & Technology Inst., Inc. v. Inacom Communications, Inc., 106 F.3d 1146, 1155 (4th Cir. 1997); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997); and Compoli v. AVT Corp., 116 F.Supp. 2d 926 (N.D. Ohio 2000) (Wells, J.). Accordingly, plaintiff's motion to remand is granted.

## **CONCLUSION**

10. Defendant removed this case asserting that the Federal Court has jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1441(b), however, no such jurisdiction exists.and this Court lacks jurisdiction sufficient to hear this matter.

11. It is extremely well settled that the TCPA is not subject to Federal Question Jurisdiction, and Pursuant to 28 U.S.C. 1447(c) "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

12. Accordingly, this case should be remanded back to County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and Defendant should be ordered to pay for the costs and attorney's fees incurred by Plaintiff in getting the case remanded.

**WHEREFORE**, Plaintiff, MARTHA HALL, by and through her undersigned counsel respectfully moves this Honorable Court to remand this matter back to State Court, and to award attorney fees and costs and other such relief as the Court deems necessary and proper.

Respectfully submitted this 19th day of November 2010.

By:  s/ James S. Giardina
**James S. Giardina, Esq.**
FBN: 0942421
The Consumer Rights Law Group, PLLC
3802 W Bay to Bay Blvd.
Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this 19th day of November 2010 on Mr. John Eamon Johnson, Esq., Attorney for Defendant, Shutts & Bowen, LLP, 100 S Ashley Dr., Suite 1500, Tampa, FL 33602, jjohnson@shutts.com, and Mr. Ryan C. Reinert, Shutts & Bowen, LLP, 100 S Ashley Dr., Suite 1500, Tampa, FL 33602 either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/James S Giardina

**James S. Giardina, Esq.**