UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA HALL,

       Plaintiff,

v.                        Case No.: 8:10-cv-2532-T-33EAJ

W.S. BADCOCK CORPORATION,

       Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Martha Hall's Motion to Remand for Lack of Jurisdiction (Doc. # 5), filed on November 19, 2010, and W.S. Badcock Corporation's Response (Doc. # 6), filed on November 24, 2010. For the reasons that follow, the Court grants the motion to remand and declines to assess attorney's fees against Badcock despite its improper removal of the case.

**I.  Background and Summary of the Arguments**

Hall filed a two count complaint against Badcock in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida on October 1, 2010, stemming from Badcock's alleged consumer debt collection activities. (Doc. # 2). In count one, Hall alleged that Badcock violated Florida's Consumer Collections Practices Act, Florida Statute Section 559.55. In count two, Hall alleged that Badcock

violated the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Badcock removed the case to this Court on November 10, 2010, on the basis of federal question jurisdiction, asserting that the Telephone Consumer Protection Act "presents a federal question upon which this Court has original jurisdiction." (Doc. # 1 at 3).  On November 19, 2010, Hall filed an amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(B), as Backcock had yet to respond to the original complaint.  (Doc. # 4).   The amended complaint dropped the Telephone Consumer Protection Act claim.

Hall filed her motion to remand simultaneously with the amended complaint.  Hall argues that removal to this Court was never appropriate because Telephone Consumer Protection Act cases are addressed exclusively by the state courts.  Hall further argues that, regardless of whether removal was ever proper, remand is mandated due to the dismissal of her Telephone Consumer Protection Act claim from the amended complaint.  Hall seeks reasonable attorney's fees and costs for improper removal.  Badcock agrees that remand is appropriate, but argues that attorney's fees and costs should not be granted to Hall under the circumstances of this case.

An exhaustive discussion of removal and remand authorities is not required here because both parties agree that remand to state court is appropriate.  The only claim Hall currently maintains against Badcock is under Florida's Consumer Collection Practices Act, and to this Court's knowledge, the requirements for diversity of citizenship have neither been alleged nor satisfied.  Thus, the Court grants the motion to remand because it lacks subject matter jurisdiction over this case.

The only remaining matter that must be addressed by the Court is whether attorney's fees and costs should be assessed against Badcock due to its improper removal of the case.

## II. __Attorney's Fees and Costs Pursuant to  28 U.S.C. §__ __1447(c)__

Under 28 U.S.C. § 1447(c), when a case is remanded for lack of subject matter jurisdiction, a court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. __Martin v. Franklin Capital Group__, 546 U.S.

3

132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," and this determination "should turn on the reasonableness of the removal." Id. at 140-41.

Hall is correct in her argument that removal was not appropriate in this case. In Nicholson v. Hooters of Augusta, 136 F.3d 1287, 1289 (11th Cir. 1998), the court ruled that federal courts do not have federal question jurisdiction over Telephone Consumer Protection Act cases brought by private plaintiffs, such as Hall. The court explained, "We recognize that as a general matter, a cause of action created by federal law will properly be brought in the district courts. Nevertheless, the general jurisdictional grant of section 1331 does not apply if a specific statute assigns jurisdiction elsewhere." Id. (internal citations omitted.)

As noted above, Badcock agrees that the case should be remanded to state court. However, Badcock argues that remand is required only because Hall amended her complaint after removal. Badcock submits that if Hall had maintained her Telephone Consumer Protection Act claim, remand would not be appropriate. Therefore, Badcock asserts that its removal of the case, while the Telephone Consumer Protection Act claim

4

remained pending, was proper and, accordingly, fees and costs should not be assessed.

In support of its contentions, Badcock argues that Nicholson has been overruled by Grable & Sons Metal Products, Inc. v. Darue Eng'g, 545 U.S. 308 (2005), Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003), and Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005). Badcock submits that Nicholson "is no longer good law" and that removal was thus proper.

However, in Mims v. Arrow Financial Services, No. 10-12077, 2010 U.S. App. LEXIS 24622 (11th Cir. Nov. 30, 2010), the court rejected Badcock's current proposition. In Mims, the district court dismissed a complaint against a defendant for lack of subject matter jurisdiction because such complaint was based on the Telephone Consumer Protection Act. On appeal the Eleventh Circuit succinctly noted:

> Mims . . . contends that we should reconsider our binding precedent in light of two Supreme Court decisions and a Seventh Circuit decision. We held in Nicholson that Congress granted state courts exclusive jurisdiction over private actions under the Act and therefore federal courts lack subject matter jurisdiction over private actions under the Act. We are bound by this precedent.

Id. at *1-2 (internal citations omitted).

The two Supreme Court cases and Seventh Circuit case the

plaintiff in the <u>Mims</u> case brought to the Eleventh Circuit's attention are the selfsame cases that Badcock raises in its response to Hall's motion.  Just as the Eleventh Circuit was unpersuaded by such cases, this Court is unpersuaded.

The Court determines that, at the time of removal, the Court lacked subject matter over this case.  Accordingly, the Court finds that removal was improper.  However, the Court exercises its discretion to deny Hall's request for attorney's fees and costs.  Badcock's interpretation of the case law was incorrect, but it was not objectively unreasonable in light of the ever growing and complex body of case law concerning the issues presented here.  Moreover, the Court does not find that Badcock removed the case for the improper purposes of prolonging litigation or imposing costs.  Therefore, the Court denies Hall's request for attorney's fees and costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.   Plaintiff Martha Hall's Motion to Remand for Lack of Jurisdiction (Doc. # 5) is **GRANTED** as specified herein. This case is hereby **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2.   The Clerk is directed to transmit a certified copy of

this Order to the Clerk of the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.  The Clerk is further directed to **CLOSE** the case and terminate all previously scheduled deadlines and pending motions.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of December 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record